**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 95-20315
(Summary Calendar)

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GIULIANO BARBIERI and JOSE BELTRAN

Defendants-Appellants.

Appeal from the United States District Court
for the Southern District of Texas
(USDC No. CR-H-94-0248)

January 14, 1997
Before DAVIS, EMILIO M. GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Giuliano Barbieri and Jose Beltran appeal from their convictions and sentences for aiding and abetting possession with intent to distribute in excess of five kilograms of cocaine, in violation of 21 U.S.C. § 841. Our review of the record and the arguments and authorities convince us that no reversible error was committed.

---

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

This court lacks jurisdiction to address Beltran's challenge to the district court's refusal to grant Beltran a downward departure from the sentencing guidelines. See United States v. DiMarco, 46 F.3d 476, 477-78 (5th Cir. 1995). Nor has Barbieri shown that the district court erred by refusing to reduce his offense level based on his asserted mitigating role in the offense. See United States v. Devine, 934 F.2d 1325, 1340 (5th Cir.), cert. denied, 502 U.S. 929 (1991).

The evidence adduced at trial was sufficient to allow a reasonable jury to find Barbieri guilty beyond a reasonable doubt. See United States v. Polk, 56 F.3d 613, 619 (5th Cir. 1995). The evidence also supported the district court's decision to give the jury an instruction on deliberate ignorance. See United States v. Faulkner, 17 F.3d 745, 766 (5th Cir.), cert. denied, 115 S. Ct. 193 (1994). Finally, because the facts available to the arresting officers warranted a person of reasonable caution to believe that an offense was being committed, probable cause existed to support the warrantless arrests, and the district court did not err in denying Barbieri's motion to suppress the evidence seized during the arrest. See United States v. Tellez, 11 F.3d 530, 532 (5th Cir. 1993), cert. denied, 114 S. Ct. 1630 (1994); United States v. Raborn, 872 F.2d 589, 593 (5th Cir. 1989).

AFFIRMED.